**WEBB, a Taxpayer v<br>BLIZZARD, Auditor, et**

Ohio Appeals, 2nd Dist, Madison Co

No 112. Decided Nov 22, 1933

H. H. Crabbe, London, for plaintiff.<br>W. S. Paxson, Washington C. H., for defendants.

## OPINION

By BARNES, J.

The sole and only question for determination is whether or not under the above quoted language of §4692, GC, the filing of the map with the County Auditor of Madison County is required to make the transfer effective. We are not sure whether or not the question of proper notice is also raised but this will not be important at this time in view of our determination.

As we view the Code, the above provisions are jurisdictional and require strict compliance. The section says that the transfer shall not take effect until a map is filed with the Auditor of the county in which the transferred territory is situated. (The black face is ours). The language is so plain that it can have but one construction. The transferred territory was in the counties of Fayette and Madison, and the requisite map should be filed in both counties.

The evident purpose of the map is to provide the County Auditor with the necessary data from which the tax assessments may be made up in the territory comprising the school district and after collection make proper remittances. Until such map is filed with the County Auditor of Madison County, the County Auditor of such county would have nothing to show that any territory in Madison County was attached to the Madison Township. Rural District of Fayette County. The Madison County Auditor has the necessary data showing that a portion of Madison County territory was attached to the White Oak Rural School District, but since the White Oak Rural School District is abandoned there would be no certification for further tax levies in, this White Oak District. Of course, it is very apparent that there could be other methods by which the correct and requisite information could be given, but the Code having prescribed the ways and means, no other will avail.

In brief of counsel for defendant reference is made to the decision of this court in the case of **Board of Education v Minnich et, reported in 14 Abs, page 651**, and language is quoted from the dictum wherein the statement is made that under §4692, GC, it is not contemplated that the map should be filed in more than one county. The cited case was decided April 25, 1933, and was not known to counsel when the instant case was heard on October 16, in Madison County. · Immediately following the hearing, the court called attention that

we had had a somewhat similar case in Miami County during April of this same year. We make this observation as disclosing that the failure to file maps in Madison County was in no sense upon the authority of the Minnich case. The fact is that the Minnich case is not at all similar to the instant case. The territory was all within the bounds of Miami County, and furthermore the proceedings were had under §4696, GC. Ordinarily the territory of rural school districts is within the bounds of the county and in the opinion nothing more was intended than to make comparisons of §§4696 and 4292 GC.

The injunction will be granted. Exceptions will be allowed to the defendants.

HORNBECK, PJ, and KUNKLE, J, concur.